IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

BILL R. McMICHAEL and KIMBERLY S. McMICHAEL,
individually and as natural parents and next of kin of
STEPHANIE McMICHAEL,

      Plaintiffs,

v.                                     No. CV 07-534 BB/LFG

MARK BOHN; DOUGLAS J. MacKINNON;
CARL A. STEINBRENNER;
MARSHALL AND ZIOLKOWSKI ENTERPRISE LLC;
MARSHALL AND ZIOLKOWSKI ACQUISITIONS LLC; and
FIRST AMERICAN INVESTMENT COMPANY LLC.

      Defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND
JUDGMENT AGAINST
DEFENDANTS MARSHALL AND ZIOLKOWSKI ENTERPRISE LLC AND
MARSHALL AND ZIOLKOWSKI ACQUISITIONS LLC

This matter came before the Court for an evidentiary damages hearing on October 31, 2007, following the entry of default against Defendants Marshall and Ziolkowski Enterprise LLC and Marshall and Ziolkowski Acquisitions LLC (together "Marshall and Ziolkowski") [Doc. 17]. Plaintiffs Bill R. McMichael. Kimberly S. McMichael and Stephanie McMichael were represented at the damages hearing by Attorney Rob Treinen of Feferman & Warren.  Marshall and Ziolkowski again failed to appear.  All three Plaintiffs testified at the damages hearing. Plaintiffs offered exhibits, which the Court admitted.  Plaintiffs also filed a damages brief and the attorney's fees Declaration of Rob Treinen.  Based on the uncontroverted evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT:

1.     Marshall and Ziolkowski were found to be in default in this action on October 2, 2007 [Doc. 19].

2. Marshall and Ziolkowski abused Plaintiffs by the following actions:

   a. calling Stephanie McMichael and telling her that her "mom might have to go to jail";

   b. calling Bill McMichael derogatory names and using profanity to intimidate him;

   c. threatening to have Kimberly McMichael arrested;

   d. threatening to have a lien placed against the McMichaels' home;

   e. stating that a lawsuit against Kimberly McMichael was very imminent; and

   f. agreeing to settle the account for a specific amount, but then attempting to extort additional amounts after the McMichaels paid the agreed-to settlement.

3. Marshall and Ziolkowski's wrongful conduct was willful, wanton and malicious.

CONCLUSIONS OF LAW:

1. Marshall and Ziolkowski remain in default and Plaintiffs are therefore entitled to a default judgment against Marshall and Ziolkowski.

2. Bill R. McMichael and Stephanie S. McMichael have standing to sue for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). *See* 15 U.S.C. § 1692k(a); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99-CV-3227, 2000 U.S. Dist. LEXIS 14043 at *13-14 (S.D.N.Y. Sept. 28, 2000).

3. Marshall and Ziolkowski violated the FDCPA, specifically §§ 1692c(b), 1692d, 1692d(2), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10) and 1692f. *See Simpson v. J. Daniel Lenahan*, No. 05-CV-57 JP/DJS (D.N.M. May 31, 2005).

4. Actual damages as well as those for personal humiliation, embarrassment, and mental anguish may be recovered for violations of the FDCPA. *See Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 187 (D. Del. 1991). Statutory damages may also be awarded without regard to actual damage. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982).

5. The award of reasonable costs and fees is required under the FDCPA. *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989); *Tolentino v. Friedman*, 46 F.3d 645, 652-53 (7th Cir. 1995).

6. Marshall and Ziolkowski willfully violated the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA"), specifically §§ 57-12-2(D)(14) and 57-12-2(D)(15).

7. The UPA expressly protects persons against misrepresentations in the collection of debts. *See* NMSA 1978 § 57-12-2(D). The UPA provides that a party may recover "actual damages or the sum of one hundred dollars ($100), whichever is greater," and damages may be trebled. *See* NMSA 1978 § 57-12-10(B).

8. Additionally, the UPA authorizes the issuance of state wide prospective injunctive relief. NMSA 1978 § 57-12-10(A) states:

> A person likely to be damaged by an unfair or deceptive trade practice or by an unconscionable trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable.

This injunctive relief provision does not limit injunctive relief to the plaintiff (or plaintiffs) bringing the case. Instead, the provision allows injunctive relief for any person "likely to be damaged by an unfair or deceptive trade practice." *Id.* Here, state wide injunctive relief is necessary to protect New Mexicans with whom "Marshall and Ziolkowski" may engage in similar unlawful and unconscionable debt collection tactics.

9. Finally, like the FDCPA, the UPA provides for reasonable attorney fees and costs. NMSA 1978 § 57-12-10(C).

10. Marshall and Ziolkowski's tactics satisfy each of the necessary elements of the New Mexico common law action for tortious debt collection and were committed in a willful, wanton and malicious manner. *See Montgomery Ward v. Larragoite*, 467 P.2d 399, 401 (N.M. 1970); *Simpson, supra*.

**IT IS ORDERED**:

1. Plaintiffs are granted a default judgment against Defendants Marshall and Ziolkowski Enterprise LLC and Marshall and Ziolkowski Acquisitions LLC (together "Marshall and Ziolkowski").

2. Marshall and Ziolkowski, their employees, agents, attorneys, successor corporations and any person who collects under the name "Marshall and Ziolkowski" who has actual or constructive knowledge of this order is Permanently Enjoined from engaging in any of the following activities with regard to the collection of consumer debts from a debtor with an address within the State of New Mexico:

    a. contacting third parties (including the child of any alleged debtor) about any consumer debt account;

    b. using derogatory names or profanity in the collection of a debt;

    c. threatening a consumer debtor with arrest, directly or indirectly;

    d. falsely threatening to file a lien placed on a consumer debtor's house;

    e. falsely stating that a lawsuit against a consumer debtor is imminent; and

    f. agreeing to settle a debt account for a specific amount, but then failing to retire the account; and

    g. agreeing to settle a debt account for a specific amount, but then attempting to extort additional amounts after the consumer pays the agreed upon amount.

3. Bill R. McMichael is awarded statutory damages under the FDCPA in the amount of $1,000.00.

4. Kimberly S. McMichael is awarded statutory damages under the FDCPA in the amount of $1,000.00.

5. Stephanie McMichael is awarded statutory damages under the FDCPA in the amount of $1,000.00.

6. Plaintiffs are therefore cumulatively awarded statutory damages under the FDCPA in the amount of $3,000.00 in addition to their actual damages under New Mexico tort law.

7. The actions of Marshall and Ziolkowski in invading the privacy of Plaintiffs and intimidating and harassing them repeatedly constitute a tort in New Mexico. Under New Mexico law, Plaintiffs are entitled to both actual and punitive damages based on the uncontroverted evidence in the record.

8. Bill R. McMichael is awarded actual damages under the New Mexico common law action for tortious debt collection in the amount of $3,000.00.

9. Kimberly S. McMichael is awarded actual damages under the New Mexico common law action for tortious debt collection in the amount of $5,000.00.

10. Stephanie McMichael is awarded actual damages under the New Mexico common law action for tortious debt collection in the amount of $6,000.00.

11. Bill R. McMichael is awarded punitive damages under the New Mexico common law action for tortious debt collection in the amount of $15,000.00.

12. Kimberly S. McMichael is awarded punitive damages under the New Mexico common law action for tortious debt collection in the amount of $25,000.00.

13. Stephanie McMichael is awarded punitive damages under the New Mexico common law action for tortious debt collection in the amount of $30,000.00.

14. While Plaintiffs can only recover actual damages one time, each Plaintiff has been awarded actual damages under only the New Mexico tort law and statutory, but not actual, damages under the FDCPA. Based on the evidence, then, a money judgment is awarded in the following amounts:

    a. for Bill R. McMichael: $19,000.00;
    b. for Kimberly S. McMichael: $31,000.00; and
    c. for Stephanie McMichael: $37,000.00.

15. Based on Mr. Treinen's Declaration, Plaintiffs are additionally awarded attorney fees under the FDCPA and under the UPA in the total amount of $5,318.00 for fees preceding the damages hearing and an additional $585.00 for three hours of travel and court time for the damages hearing, for a total of $5,903.00

16. Post-judgment interest on this judgment shall be at the rate set forth in 28 U.S.C. § 1961, to run from the date of entry of this judgment.

17. Plaintiffs are entitled to collect from Marshall and Ziolkowski attorney fees and costs reasonably accrued in any collection and/or enforcement actions taken pursuant to this judgment.

*[signature]*
BRUCE D. BLACK
United States District Judge